UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Petitioner, <br><br> v. <br><br> KING COUNTY SUPERIOR COURT, *et al.*, <br><br> Respondents. | CASE NO. **2:21-cv-01504-BHS-DWC** <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: December 10, 2021 |

Petitioner John Demos, Jr., a state prisoner, has filed a proposed motion for leave to proceed *in forma pauperis* ("IFP") and a proposed petition for writ of habeas corpus. Dkt. 1; Dkt. 1-1. Petitioner seeks release from confinement based on several alleged errors, including: (1) sentencing error, improper jury instructions, a biased jury, insufficiency of the evidence, and ineffective assistance of counsel. *See, e.g., id.* at 1, 6–10. So the Court properly construes the petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018) (citation omitted).

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968, 969 (Wash. 1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). An order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997).

Here, Petitioner did not accompany his § 2254 petition with the filing fee. Therefore, he improperly filed it. An evidentiary hearing is not proper because "the record . . . precludes habeas relief." *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Furthermore, a certificate of appealability is not proper because reasonable jurists would not debate whether this Court's procedural ruling was correct. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Accordingly, it is **RECOMMENDED** that Plaintiff's IFP motion (Dkt. 1) be **DENIED**, that his proposed § 2254 petition (Dkt. 1-1) be **DISMISSED** without prejudice, that a certificate of appealability be **DENIED**, and that this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 10, 2021 as noted in the caption.

1    Dated this 24th day of November, 2021.

　

　

　
David W. Christel
United States Magistrate Judge